```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- x
DANIELLE SMITH,                                             :
                                                            :
                              Plaintiff,                    :          MEMORANDUM & ORDER
                                                            :          22-cv-7449 (DLI) (RML)
                -against-                                   :
                                                            :
ROADIE, INC. and JAYNE DOE,                                 :
EMPLOYEE OF ROADIE INC.,                                    :
                                                            :
                              Defendants.                   :
----------------------------------------------------------- x
```

On November 4, 2022, Plaintiff Danielle Smith ("Plaintiff") initiated this personal injury action in the Supreme Court of the State of New York, Queens County ("state court") alleging claims grounded in New York negligence law against Defendants Roadie Inc. ("Roadie") and an unidentified employee of Roadie, Jayne Doe ("Doe"), (collectively, "Defendants").[1] Notice of Removal ("Notice") at ¶1, Dkt. Entry No. 1. On December 8, 2022, Roadie timely removed this action to this Court invoking the Court's diversity jurisdiction pursuant to 28 U.S.C. 1446. *Id.* On December 21, 2022, in response to Roadie's motion to dismiss the original complaint, Plaintiff filed an Amended Complaint alleging that, while making a delivery for Roadie, Doe negligently dropped a thirty-pound box on Plaintiff and, as a result, Plaintiff suffered serious and permanent injuries. *See*, Am. Compl., Dkt. Entry No. 10.

Before the Court is Roadie's motion to dismiss the Amended Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). *See*, Def.'s Mem. of Law in Support of Mot. to Dismiss ("Mot."), Dkt. Entry No. 14. Plaintiff opposed. *See*, Pl.'s Opp. ("Opp."), Dkt. Entry No. 15. Roadie replied. *See*, Def.'s Reply ("Reply"), Dkt. Entry No.

---

[1] To date, Doe neither has been identified nor appeared this action.

16. For the reasons set forth below, Roadie's motion to dismiss is granted without prejudice and Plaintiff is granted leave to amend the Amended Complaint by no later than October 30, 2023.

## BACKGROUND

The following facts are taken from the allegations in the Amended Complaint, which at this juncture the Court must accept as true. On or about August 2, 2021, Plaintiff was employed by Buy Buy Baby at 270 7th Avenue, New York, NY ("Buy Buy Baby") as a customer service representative and lead specialist. *See*, Am. Compl. at ¶ 6. The Amended Complaint alleges that, at all relevant times, Roadie provided a package delivery service and Doe "was an employee, agent, and/or servant of [Roadie]." *Id*. at ¶¶ 10, 5. On or about August 2, 2021, Roadie allegedly directed Doe to make a delivery to Buy Buy Baby. *Id*. at ¶¶ 5, 10-11. While making this delivery, Doe allegedly "dropped a packing box play set weighing approximately 30 pounds on Plaintiff." *Id*. at ¶12-13. Plaintiff asserts that this accident was due to Doe's negligence because she was "talking on her cell phone" and carelessly allowed the box to slip out of her hands and strike Plaintiff. *Id*. at ¶ 13. Plaintiff contends she was not negligent in any manner. *Id*. at ¶14. Plaintiff further asserts that Roadie is liable for the injuries she sustained due to its negligence and that of its employee, who was not trained properly. *Id*. at ¶ 15. Plaintiff seeks damages for medical expenses and treatment, and loss of past and future earnings due to the injuries she sustained some of which she asserts will be permanent. *Id.* at ¶¶ 16, 27.

## LEGAL STANDARD

### I.    Rule 12(b)(6) Standard

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, at 570 (2007). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 678-679 (citing *Twombly*, 550 U.S. at 555-556). When reviewing a complaint, the Court "must accept as true all nonconclusory factual allegations" and "draw all reasonable inferences in the Plaintiff['s] favor." *Kaplan*, 999 F.3d at 854 (citing *Rothstein v. UBS AG*, 708 F.3d 82, 94 (2d Cir. 2013) and *Iqbal*, 556 U.S. at 678-679). The Court must consider the Amended Complaint in its entirety and take all the facts alleged collectively, rather than scrutinize individual allegations in isolation. *Kaplan*, 999 F.3d at 854 (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 323 (2007).

A plaintiff may allege facts "upon information and belief" when "the facts are peculiarly within the possession and control of the defendant or where the belief is based on factual information that makes the inference of culpability plausible." *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010). Conversely, a plaintiff "cannot merely plop 'upon information and belief' in front of a conclusory allegation and thereby render it non-conclusory." *Citizens United v. Schneiderman*, 882 F.3d 374, 384 (2d Cir. 2018).

"In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations"). A court should not dismiss a complaint that alleges enough facts to state a claim for relief that is "plausible on its face, such that a court could draw the reasonable inference that the defendant is liable for the misconduct alleged." *Rich v. Fox News Network, LLC*, 939 F.3d 112, 121 (2d Cir. 2019) (citations and quotations omitted). In other words, "the plausibility requirement 'calls for enough fact to raise a reasonable expectation that discovery will reveal evidence [supporting the claim].'" *Doe v. Uber*

3

*Technologies, Inc.*, 551 F. Supp.3d 341, 352 (S.D.N.Y. 2021) (quoting *Twombly*, 550 U.S. at 556). Review of a complaint under this plausibility standard is "context-specific" and requires the Court to "draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## II.  Choice of Law

As an initial matter, the Court must choose the correct law to apply because this is a case invoking the Court's diversity jurisdiction under 28 U.S.C. 1332. Courts sitting in diversity must apply the choice of law rules of the forum state, here, New York. *Osagiede v. Carlo Shipping International Inc.*, 176 F.3d 648, 650 (2d Cir. 1999). The parties have consented to New York law because they have not contested choice of law and both rely on New York law in support of their respective positions. *See, Scottsdale Insurance Company v. Freedom G.C. Inc.*, 564 F. Supp.3d 253, 258 n. 1 (E.D.N.Y. 2021) (citing *Bennett v. Sterling Planet, Inc.*, 546 F. App'x 30, 33 (2d Cir. 2013). Accordingly, New York law applies.

## DISCUSSION

Roadie moves to dismiss the Amended Complaint contending it lacks sufficient allegations of fact to: (1) make out a claim as to Roadie's negligence independent of that might be derived from a relationship with Doe; (2) allege an employment relationship between Roadie and Doe to support a claim for Roadie's liability based on Doe's negligence; (3) make out a claim that Doe was acting within the scope of her employment for purposes of *respondeat superior*; and/or (4) support a claim for negligent hiring, supervision, or retention. *See generally*, Mot. Plaintiff counters that the Amended Complaint contains facts sufficient to create a reasonable inference that: (1) Roadie was negligent; (2) Doe was Roadie's employee and that she was working within the scope of her employment at the time of the accident for purposes of *respondeat superior*; and/or (3) Roadie was negligent in hiring, supervising or training Doe. *See generally*, Opp. For the

reasons set forth below Roadie's motion is granted, and Plaintiff is granted leave to amend the compliant by no later than October 30, 2023.

"To establish a prima facie case of negligence, a plaintiff must demonstrate: '(1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom.'" *Uber Technologies*, 551 F. Supp.3d at 353 (quoting *Solomon v. City of N.Y.*, 66 N.Y.2d 1026, 1027 (1985)).  Thus, a well pled complaint should provide a clear theory of liability supported by facts such that the Court could draw a reasonable inference that the defendant owed plaintiff a duty of care and breached that duty, thereby causing plaintiff's injuries.

The Amended Complaint does not do this.  Instead, Plaintiff simply provides a laundry list of possible theories of liability, some of which are incompatible with each other, for example:

> ". . . the incident complained of was caused by reason of the carelessness, recklessness, negligence on part of this Defendant, its agents, servants and/or employees in the ownership, maintenance, operation management and control of its logistics business, in that this Defendant failed to provide defendant JAYNE DOE with proper training, in that this Defendant caused the very incident complained of which was foreseeable; in that this Defendant failed to properly train its delivery people; in that this Defendant failed to remedy said dangerous conditions; in that this Defendant was otherwise careless and negligent."

Am. Compl. ¶ 15.  The initial clause of the paragraph seems to make out a claim for vicarious liability premised on the theory of *respondeat superior*.  *Id.*  However, it concludes by alleging that Roadie failed to train Doe properly indicating a negligent training theory of liability.  *Id.*  The next clause seems to reiterate a negligent training claim while the final two clauses seem to allege negligence on the part of Roadie in failing to remedy dangerous conditions or on some other theory.

These theories are completely conclusory and unsupported by any factual allegations. Nothing in the Amended Complaint supports an inference that Roadie had a direct duty to plaintiff independent of a possible employment relationship with Doe.  Plaintiff makes no attempt to

5

provide facts or even conclusory statements that might explain how Roadie's conduct was deficient "in the ownership, maintenance, operation management and control of its logistics business," or how Roadie was "otherwise careless or negligent." *Id*. The only factual allegations that Plaintiff makes regarding negligence are those relating to the actions of Doe. *Id.* ¶ 13. In sum, considering the Amended Complaint in its entirety, it does not provide any factual basis from which the Court might infer Roadie's liability, independent of an employment relationship with Doe, warranting dismissal of this claim.

### A. Employment Relationship

Plaintiff's other purported theories of liability, vicarious liability based on the doctrine of *respondeat superior* and direct liability based on negligent hiring, training, supervision or retention, are mutually exclusive. *Respondeat superior* only applies to tortious conduct committed by an employee acting within the scope of his/her employment, whereas negligent hiring, training, supervision, or retention applies to acts outside the scope of employment. *See, Rodriguez v. City of New York*, 594 F. Supp.3d 534, 548 (E.D.N.Y. 2022); *See also, Velez v. City of New York*, 730 F.3d 128, 136-37 (2d Cir. 2013). Both theories of liability depend on adequate pleading of an employment relationship, *i.e.*, that one individual or corporation has engaged another to perform work on their behalf. *See*, *Uber Technologies, Inc.*, 551 F. Supp.3d at 358 (*respondeat superior*); *Rich*, 939 F.3d at 129 (negligent supervision or retention).

Plaintiff alleges simply that Doe was an "employee, agent, and/or servant." Amend. Compl. at ¶ 5. This allegation is conclusory and must be supported by factual information that makes the inference of Roadie's culpability plausible. *See, Iqbal*, 556 U.S. at 679. The Amended Complaint is devoid of any factual support for the foregoing conclusion or inference.

The Amended Complaint states "upon information and belief" "Defendant ROADIE INC. directed JAYNE DOE to make a delivery." Am. Compl. at ¶ 11. However, it is conclusory and is silent as to the facts that form the basis of Plaintiff's belief. The Amended Complaint also alleges that "[w]hile in the course of her employment and/or agency" Doe caused Plaintiff's injuries. *Id.* at ¶ 12. Again there are no factual allegations concerning Plaintiff's belief that Doe was under Roadie's employ or acting on its behalf. These assertions constitute the totality of support in the Amended Complaint for Plaintiff's contention that Doe was Roadie's "employee, agent, and/or servant." The Court cannot plausibly infer Roadie's liability based on such conclusory statements unsupported by factual allegations.

As discussed above, a plaintiff may plead allegations or claims based "on information and belief" when appropriate. Here however, Plaintiff goes too far in the use of "on information and belief." *See,* Am. Compl. at ¶¶ 2, 3, 4, 5, 10, 11, 20, 21, and 22. This might be acceptable if Plaintiff provided facts that tended to make the inference of Roadie's culpability plausible or if these facts were peculiarly within the control of Roadie, which the Court cannot determine on this bare bones, boilerplate complaint.

For instance, the facts that form the basis for Plaintiff's conclusion that Doe was Roadie's "employee, agent, and/or servant" and led Plaintiff to name Roadie as a defendant in this case are not peculiarly within the control of Roadie. Nor are these "facts unavailable to [plaintiff] prior to discovery." *Evergreen East Cooperative v. Whole Foods Market, Inc.*, 2023 WL 545075, at *2 (2d Cir. Jan. 27, 2023) (citing *Citizens United*, 882 F. 3d at 384-85) (finding allegations made almost entirely "on information and belief" insufficient to survive a motion to dismiss). As an employee of Buy Buy Baby, Plaintiff could have readily determined the source of the order for the package and other such details.

7

For Roadie to be liable for Doe's tortious behavior there must be facts connecting Roadie to Doe from which the Court might draw a reasonable inference regarding the existence of said relationship between the Defendants. The existence of an employment relationship is a necessary component of Plaintiff's remaining claims against Roadie and the Amended Complaint's lack of facts indicating an employment relationship is fatal to those claims. Therefore, Plaintiff's remaining claims against Roadie are dismissed for failure to state a claim.

## **LEAVE TO AMEND**

Courts may *sua sponte* grant leave to amend. *Straker v. Metropolitan Transit Authority*, 333 F. Supp.2d 91, 102 (E.D.N.Y. 2004). "The Court's discretion is broad and its exercise depends upon many factors, including undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." *Id.* (quotations omitted). This is consistent with the Second Circuit's strong preference for resolving disputes on the merits. *See*, *Williams v. Citigroup Inc.*, 659 F.3d 208, 212-13 (2d Cir. 2011). As Plaintiff has provided some details of the accident that allegedly caused her injuries, and given the early state of this litigation, Plaintiff is granted leave to amend the complaint, consistent with this Memorandum and Order.

## **CONCLUSION**

For the reasons set forth above, Roadie's motion to dismiss is granted and the Amended Complaint is dismissed without prejudice. Plaintiff is granted leave to file an amended complaint consistent with this Memorandum and Order by October 30, 2023. Failure to file an amended complaint timely will result in dismissal of this action with prejudice.

SO ORDERED.

Dated: Brooklyn, New York
       September 30, 2023

                                                             /s/
                                         DORA L. IRIZARRY
                                United States District Judge